**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DIONE RICHARD CARRINGTON, MOORISH
INTERNATIONAL,

      Plaintiff,

                                  Case No. 05-CV-73429-DT

v.

FEDERAL NATIONAL MORTGAGE ASSOC.
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

      Defendants.
                                    /

**ORDER GRANTING DEFENDANTS' "MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED"**

      Pending before the court is Defendants' unopposed "Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) For Failure to State A Claim Upon Which Relief Can Be Granted." Having reviewed the motion, the court concludes that a hearing is unnecessary. E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will grant Defendants' motion.

**I. BACKGROUND**

      On February 27, 2003, Plaintiff Dione Richard Carrington[1] gave a mortgage to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") relating to the property commonly known as 301 Chandler, Detroit, Michigan 48202. (Defs.' Mot. at

---

[1] Plaintiff signed his complaint as "Mr. Dione R. Carrington, in pro per," although he sometimes also appears to refer to himself (including in the case caption) by his name followed by the appendix, "Moorish International." The significance of this phrase is unclear.

Ex. A.)  On the same day, Plaintiff signed a note reflecting a debt of $100,000, which was secured by the mortgage.  (*Id.* at Ex. B.)  Plaintiff did not make the required monthly payments after May 2003.  The matter then went to non-judicial foreclosure.  Defendant MERS purchased the property at a sheriff's sale on September 15, 2004.  The sheriff's deed was transferred via quit claim deed to the Federal National Mortgage Association ("Fannie Mae") on January 27, 2005 and recorded on February 15, 2005 in the Wayne County Register of Deeds.  (*Id.* at Exs. C and D.)  After Plaintiff held over possession of the property, Fannie Mae filed an action to take possession of the subject property after expiration of the redemption period, which resulted in a judgment of possession on or around June 10, 2005.[2]  (*Id.* at Ex. E.)  Plaintiff filed an appeal on June 13, 2005, case number 05-517345 AV, in Wayne County Circuit Court, which resulted in a dismissal due to Plaintiff's failure to enter and file an appeal brief.  (*Id.* at Exs F and I.)  Plaintiff then filed a complaint to quiet title in Wayne County Circuit Court, case number 05-525301 CH, on August 26, 2005.  (*Id.* at Ex. G.)  The case was properly removed to this court on September 6, 2005.

In his four-count complaint, Plaintiffs asks that his debt relating to the property commonly known as 301 Chandler, Detroit, Michigan 48202  be discharged.  (Compl. at ¶¶ 3-33.)  Plaintiff asserts that "the bank used the [promissory] note [created by the transaction between the two parties] to engage in an criminal act giving Plaintiff illegal consideration and breaching the agreement."  (*Id.* at ¶ 18.)  Specifically, Plaintiff

---

[2]Defendants assert that the judgment of possession was issued on 6/13/05, however, the judgment (Defs.' Mot. at Ex. E) has the date 6/10/05 in the upper right hand corner.

complains that "Defendant has failed or refused to disclose the true source of funds used by it to purchase the promissory note. Gold and silver coins are the only lawful money to purchase the promissory note pursuant to the Coinage Act of April 2, 1792." (*Id.* at ¶ 21.) Plaintiff asserts that "Defendant misrepresents the source of funding for the note they insisted on[;] the bank creates money by the ledger entries" and that he was never told that "the promissory note was to be used by Defendant . . . to facilitate the creation of money in Defendants['] account." (*Id.* at ¶¶ 23-27.) Defendants filed their motion to dismiss on September 23, 2005. Plaintiff has not filed a response to Defendants' motion.

## II.  STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III.  DISCUSSION

Plaintiff is protesting the payment of his debt based on allegations that the nation's banking system created money by its ledger entries and that the money needed to be paid in gold and silver coins. This contention is patently meritless and has been universally rejected by numerous federal courts. *See, e.g., United States. v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976) (citing *United States v. Daly*, 481 F.2d 28, 30 (8th Cir.) (1973) ("[The defendant's] apparent thesis is that the only 'Legal Tender Dollars' are those which contain a mixture of gold and silver and that only those dollars may be constitutionally taxed. This contention is clearly frivolous."); *Birkenstock v. Comm'r of Internal Revenue*, 646 F.2d 1185, 1186 (7th Cir. 1981) (Taxpayer's argument that his wages were not backed by gold dollars was "wholly lacking in merit"); *United States v. Schmitz,* 542 F.2d 782, 785 (9th Cir. 1976) ("Federal Reserve Notes constitute legal tender*"* and the defendant's argument that "because Federal Reserve Notes are not presently payable either in gold or silver they are not taxable dollars" is "without merit.")

4

In a nearly identical case, the Northern District of Indiana rejected the plaintiff's claim as "absurd." *Nixon v. Individual Head of St. Joseph Mortg. Co.*, 615 F. Supp. 898 (N.D. Ind. 1985). The *Nixon* court stated

> [T]his lawsuit smacks of bad faith on the part of the plaintiff. [The plaintiff] obtained the check in September, 1981 and used it to purchase his residence. In late 1984, after the Mortgage Company begins proceedings to foreclose the mortgage, [the plaintiff] suddenly files this suit seeking in effect to have the loan with which he obtained his residence declared illegal so as to back out of his contractual promise to pay on the loan. He has enjoyed the fruits of what the Mortgage Company's check bought, yet seeks to nullify that check on the basis of an absurd view that bank or mortgage company checks are worthless attempts to create "illegal tender." [The plaintiff's] own experience in getting a residence with the check indicates that the market place recognizes the value of "credit and checkbook money," so that [the plaintiff] has suffered no damages and has no valid claim to advance here.

*Id.* at 900-01.

Plaintiff's contentions relating to the validity of the United States monetary system and the way in which banks "create" money, arguments that have repeatedly been found to be without merit. His presentation is fundamentally absurd and obviously frivolous. It is a claim stated in bad faith. The facts as alleged by Plaintiff do not state a valid claim for which relief may be granted and Plaintiff's complaint will be dismissed.

As an additional point, the court notes that under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine).

The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine holds that lower federal courts do not have

jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). The Supreme Court recently reaffirmed the doctrine, holding that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, --- U.S. ---, --- , 125 S.Ct. 1517, 1521-22 (2005). As Plaintiff's complaint is nearly a perfect duplicate of his appeal filed in state court that was ultimately dismissed (Defs.' Mot. at Ex. I), the Rooker-Feldman doctrine would make the federal court's consideration of his claim improper.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' "Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) For Failure to State A Claim Upon Which Relief Can Be Granted" [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  November 29, 2005

S:\Cleland\DEM\OpinionsandOrders\05-73429.CARRINGTON.GrantingMotionToDismissCoin.wpd

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 29, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\05-73429.CARRINGTON.GrantingMotionToDismissCoin.wpd